```
                         UNITED STATES DISTRICT COURT
                         SOUTHERN DISTRICT OF FLORIDA

                         CASE NO. 07-14397-Civ-MARTINEZ
                         MAGISTRATE JUDGE P. A. WHITE

JAMES KERSEY,                    :

          Petitioner,            :

v.                               :      REPORT OF
                                        MAGISTRATE JUDGE
WALTER A. McNEIL,¹               :

          Respondent.            :
_____
```

James Kersey, a state prisoner confined at Hamilton Correctional Institution Annex, has filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, challenging the constitutionality of his convictions of aggravated battery and other offenses entered on a jury verdict in St. Lucie County Circuit Court case number 02-1786 CFA.

This Cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

For its consideration of this petition the Court has the response of the state to an order to show cause with multiple exhibits, and the petitioner's reply.

---

¹Walter A. McNeil has been named Secretary of the Florida Department of Corrections, replacing former Secretary James McDonough. Pursuant to Federal Rule of Civil Procedure 25(d)(1) McNeil is now the proper respondent in this action and should "automatically" be substituted for McDonough. Accordingly, the Clerk is directed to docket and change the designation of the respondent.

Kersey makes the following claims:

1. The court erred in denying his motion for rehearing for failing to meet the second prong of the <u>Jones</u> test.

2. He has stated a viable claim of a Fourth Amendment violation.

On June 13, 2002, Kersey was charged by information with aggravated assault (Count 1), assault on a law enforcement officer (Count 2), and false imprisonment (Count 3). [DE 14, R-1] The charges arose from Kersey's drunken altercation with his live-in girlfriend, Luann Dunham, who sustained a fractured eye socket, fractured nose, and bruised ribs. [DE 14, Ex.R-3, Initial Brief, Statement of the Case and Facts] Kersey was tried to a jury in July - August, 2003 [DE 14, Ex.R-2], and was found guilty as charged on all counts. [DE 14, Ex.R-1] On October 3, 2003, he was sentenced as an habitual felony offender to serve an aggregate of thirty years in prison. [DE 14, Ex.R-1]

Kersey prosecuted a direct appeal, raising the following claims:

1. The trial court abused its discretion and erred in denying his cause challenge to venireperson Kulas, a former employee of the State Attorney's office.

2. His conviction for aggravated assault was fundamentally erroneous because the state affirmatively proved that no assault occurred.

[DE 14, R-3]

On December 8, 2004, Kersey's convictions and sentence were affirmed without comment. <u>Kersey v. State</u>, 888 So.2d 648 (Fla. 4

2

DCA 2004)(table). [DE 14, Ex.R-3] His convictions therefore became final for federal purposes ninety days thereafter, or on or about March 8, 2005. 2004. Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1986) (conviction is final when judgment of conviction has been rendered, availability of appeal exhausted, and time for petition for certiorari elapsed or petition is denied); accord, Bond v. Moore, 309 F.3d 770 (11 Cir. 2002).

On June 20, 2005, Kersey filed a motion for postconviction relief pursuant to Fla.R.Cr.P. 3.850, arguing in part that he received ineffective assistance of counsel when no motion to suppress was filed to challenge photographs that were seized during a non-consensual search that violated his Fourth Amendment rights. [DE 14, Ex.R-4][2] Kersey's motion was denied on September 27, 2005, on the holding as to the relevant claim that "defendant does not describe the evidence that was the product of the search or explain how suppression of the evidence would have changed the outcome of the trial with respect to any or all of the three convictions. Thus, the Defendant fails to demonstrate prejudice ...". [DE 14, Ex.R-5] That result was affirmed without written opinion, Kersey v. State, 929 So.2d 1073 (Fla. 4 DCA 2006)(table), with the mandate issuing on June 23, 2007. [DE 14, Ex.R-4, R-5]]

Meanwhile, Kersey filed a second Rule 3.850 motion on January 25, 2007, alleging that newly-discovered evidence undercut the trial testimony of the victim, Luann Dunham. The newly-discovered

---

[2]The respondent explains [DE 13 at 2-3] that the only documentation he was able to provide in connection with this proceedings are Kersey's appellate brief and some incidental appellate documents. [DE 14, Ex.R-4] He is mistaken; the first Rule 3.850 motion as well as the order denying relief are among the exhibits to the state's response to Kersey's second Rule 3.850 motion. [DE 14, Ex.R-5]

3

evidence, which was attached to the motion, consisted of an unverified handwritten note from Susie Wester, which in its entirety stated as follows:

> Witness that Lou Ann Dunham did not live with me at the time of my arrest and had not lived at my residence for about 7 or 8 weeks at 307 Holly Avenue in Port St. Lucie, Florida and could not give anyone verbal or written consent to enter into Mr. Kersey's home. Was available to testify at anytime could + would have and was willing to testify in Mr. Kersey's behalf at trial if had been notify by attorney. Would have testified that Ms. Dunham did not live at the residence nor did she have a key to the home to inner herself come and come + go freely.
>
> [DE 14, Ex.R-5]

The collateral trial court denied Kersey's motion in a detailed written order, finding in pertinent part as follows:

> In order to be granted a new trial based on newly-discovered evidence, the defendant must establish that he could not have known about the evidence at the time of trial through the use of due diligence, and that the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. *Jones v. State*, 591 So.2d 911 (Fla. 1991). In considering the second prong of the newly discovered evidence test, the court must consider whether the evidence goes to the merits of the case or whether it constitutes impeachment evidence, whether this evidence is cumulative to other evidence in the case, and the materiality and relevance of the evidence. See *Jones v. State*, 709 So.2d 512, 521 (Fla. 1998).
>
> On the due diligence prong, the record

4

shows that as early as November 10, 2002, the Defendant was aware that the ability of the victim to consent to a search might be an issue. (See letter to Mr. Abare dated November 10, 2002, attached). Further, the Defendant states in his Reply to State's Response that he knew Ms. Wester as his next-door neighbor. If the Defendant knew Ms. Wester and knew that the victim's consent could be an issue, then he could have told his defense counsel to interview Ms. Wester.

Even if the Defendant's claim satisfies the due diligence prong, it fails the second prong of *Jones* for two reasons. First, the Defendant's newly discovered evidence does not go to the merits of his case, but is impeachment evidence regarding a suppression issue. Second, the newly discovered evidence is irrelevant to any Fourth Amendment challenge to a police officer's consent to search. 'Determination of consent to enter must be judged against an objective standard: would the facts available to the officer at the moment ... warrant a man of reasonable caution in the belief that the consenting party had authority over the premises?' *Cooper v. State*, 706 So.2d 369 (Fla. 2d DCA 1998)(quoting *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968)). Only if the officer's belief is not objectively reasonable does actual authority become an issue. *Id*. The record shows that the victim told Deputy Chapman she was a resident of the house, and the victim signed a consent to search stating in two places that she was a resident. (See pgs. 349-350 of the trial transcript and the consent form.) Even if, considering everything stated in the Defendant's motion as true, the victim was lying, 'the facts available to the officer at the moment' were that the victim was a resident of the Defendant's house. The Defendant does not allege any 'facts available to the officer at the

>moment' that should have caused the deputy to doubt the victim's statements. Therefore, even if a dozen witnesses could come forward today to testify that the victim was not a resident of the house, it would not matter. 'The Constitution is no more violated when officers enter without a warrant because they reasonably (though erroneously) believe that the person who consented to their entry is a resident of the premises, than it is violated when they enter without a warrant because they reasonably (though erroneously) believe they are in pursuit of a violent felon who is about to escape.' *United States v. Meada*, 408 F.3d 14, 21 (1st Cir. 2005).
>
>Therefore, this court specifically holds that the Defendant's claim fails to meet the second prong of the *Jones* test as a matter of law, and it is
>
>ORDERED AND ADJUDGED that the Defendant's Motion is DENIED.
>
>>[DE 14, Ex.R-5, Order Denying Motion for Postconviction Relief]

Kersey moved for rehearing, arguing that the evidence was relevant to a Fourth Amendment challenge to law enforcement's consent to search his home. The trial court denied relief on September 11, 2007, holding that "the Defendant still fails to meet the second prong of the *Jones* test by not establishing that the newly discovered evidence would have probably produced an acquittal on retrial." [DE 1, Petition, Sub-Ex.H]

The foregoing holdings subsequently were affirmed without explanation, Kersey v. State, 967 So.2d 921 (Fla. 4 DCA 2007) (table), with the mandate issuing on November 28, 2007. [DE 14,

Ex.R-5] This federal proceeding ensued on December 6, 2007.[3]

The state correctly acknowledges that this petition was filed timely pursuant to §2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996. Artuz v. Bennett, 531 U.S. 4 (2000)(AEDPA limitations period is tolled by properly-filed applications for state postconviction relief). The state also rightfully does not challenge the claims of this petition on the basis of the exhaustion requirement. Anderson v. Harless, 459 U.S. 4 (1982)(issues raised in a federal habeas corpus petition must have been fairly presented to the state courts and thereby exhausted); Leonard v. Wainwright, 601 F.2d 807 (5 Cir. 1979)(exhaustion requires that claims be pursued in the state courts through the appellate process).

Section 104(d) of the AEDPA [28 U.S.C. §2254(d)] sets out a significant new restriction upon the ability of federal courts to grant habeas corpus relief. It provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the claim --
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the

---

[3]The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. Vanderberg v. Donaldson, 259 F.3d 1321 (11 Cir. 2001); Adams v. U.S., 173 F.3d 1339 (11 Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing). [DE 1, Petition at 10]

>United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In <u>Williams v. Taylor</u>, 529 U.S. 362 (1999), the Supreme Court interpreted this provision as follows:

>Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"Clearly established federal law" refers to the holdings of the United States Supreme Court as of the time of the relevant state court decision. <u>Putnam v. Head</u>, 268 F.3d 1223, 1241 (11 Cir. 2001). A state court's decision is "contrary to" clearly established federal law if the state court 1) applied a rule that contradicts United States Supreme Court case law, or 2) arrived at a result different from that reached in a United States Supreme Court decision when faced with materially indistinguishable facts. <u>Id</u>.; <u>see also</u>, <u>Fugate v. Head</u>, 261 F.3d 1206, 1215-16 (11 Cir. 2001). A state court arrives at an "unreasonable application" of clearly established federal law if it 1) unreasonably applies a correct legal principle for Supreme Court case law to the facts of a petitioner's case, or 2) unreasonably extends or declines to

8

extend a legal principle from Supreme Court case law to a new situation. Id. In this context, an "unreasonable application" is an "objectively unreasonable" application. Williams v. Taylor, supra at 409.

The Eleventh Circuit has stressed the importance of this new standard, stating that the AEDPA "places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court." Crawford v. Head, 311 F.3d 1288, 1295 (11 Cir. 2002). Specifically, the AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." Crawford, supra at 1295, quoting Bell v. Cone, 535 U.S. 685 (2002).

In his first claim, Kersey argues that the state collateral court erred in denying his motion for rehearing for failing to meet the second prong of the Jones test. Of course, the gravamen of his claim is that newly-discovered in the form of Ms. Wester's handwritten document should have been held to invalidate his convictions.[4]

It is well settled under federal law that newly-discovered evidence which goes only to the guilt or innocence of a petitioner

---

[4]The respondent's attempts to have this court interpret Kersey's claims more stringently than this [DE 13 at 7-8] overlook the fact that Kersey is a pro se prisoner entitled to have his pleadings read with liberality. Haines v. Kerner, 404 U.S. 519 (1972). The argument that it is a "huge stretch" to discern that this claim is based in newly discovered evidence [id. at 8] is specious and unworthy of experienced counsel.

9

is insufficient to warrant habeas corpus relief. Swindle v. Davis, 846 F.2d 706, 707 (11 Cir. 1988); Smith v. Wainwright, 741 F.2d 1248 (11 Cir.), cert. denied, 470 U.S. 1087 (1985). To be a basis for federal habeas relief, such evidence must bear on the constitutionality of the petitioner's conviction. Townsend v. Sain, 372 U.S. 293 (1962). In order for a new trial to be granted based on newly-discovered evidence, a habeas corpus petitioner must show that "the evidence could not with due diligence have been discovered before or during trial, that the evidence is material, not cumulative, and that admission of the evidence would probably lead to an acquittal." Clark v. Irvin, 844 F.Supp. 899, 907 (N.D.N.Y. 1994), quoting United States v. Alessi, 638 F.2d 466, 479 (2 Cir. 1980). A new trial should be granted on the basis of newly-discovered evidence "only in the most extraordinary circumstances." Clark v. Irvin, supra at 907, quoting United States v. Gordils, 982 F.2d 64, 72 (2 Cir. 1992). Here, as the collateral trial court found, the newly-discovered evidence supplied by Kersey satisfies neither none of these requirements.

First, the state courts found as fact that the evidence supplied by Ms. Wester could have been discovered prior to or during trial, because the record showed both that Kersey was aware by November, 2002, that consent to search was an issue, and that he knew Ms. Wester as his next-door neighbor but failed to advise counsel to interview her.

The presumption of correctness traditionally accorded to state court findings of fact in federal habeas corpus proceedings has been strengthened under the AEDPA. Section 2254(e)(1) now states:

> In a proceeding instituted by an application
> for a writ of habeas corpus by a person in
> custody pursuant to the judgment of a State

> court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Under this amended provision, the list of circumstances under which the statutory presumption of correctness traditionally could be rebutted has been eliminated, and instead the burden is simply placed on the petitioner to rebut the presumption by clear and convincing evidence. Jeffries v. Wood, 114 F.3d 1484, 1499-1500 (9th Cir. 1997). Since Kersey has come forward with no such evidence here, the state courts' factual determinations regarding Ms. Wester's availability and Kersey's knowledge that consent to search was an issue in his case are presumptively correct. That being so, the conclusion that Kersey failed to exercise due diligence because the evidence was discoverable prior to trial is also correct, and his present attempt to characterize Mrs. Wester's testimony as newly discovered is meritless. Clark v. Irvin, supra.

In addition, the state courts also determined that the assertedly newly-discovered evidence did not go to the merits of Kersey's case, but instead was merely impeachment evidence regarding a suppression issue. Moreover, the evidence was irrelevant to any purported Fourth Amendment challenge to Officer Chapman's consent to search Kersey's home, because the victim Luann Dunham signed a consent form on which she stated twice that she was also a resident of the property. [R-5, Motion for Postconviction Relief, Sub-Ex.A; T.349-50] Therefore, based upon the facts available to him at the moment, Officer Chapman had a reasonable belief that Ms. Dunham had authority over the premises, so even if the reality was otherwise, as Ms. Wester's handwritten document purports to state, the search still would have been lawful. See

11

Terry v. Ohio, 392 U.S. 1, 21-22 (1968).

Here, then, where the assertedly newly-discovered evidence could have been discovered prior to trial with due diligence, cf. Clark v. Irvin, supra, and where it was irrelevant to the constitutionality of Kersey's convictions, cf. Townsend v. Sain, supra, the state courts' rejection of the first claim of this petition was in accord with these applicable federal authorities. Consequently, the same result should pertain here. Williams v. Taylor, supra.

In his second claim, Kersey contends that he has stated a viable claim of a Fourth Amendment violation. Even were that so, consideration of his argument is precluded by the settled principle that federal habeas corpus relief is unavailable to a state prisoner on the ground that his conviction was obtained by unconstitutionally-seized evidence if the state provided an opportunity for full and fair litigation of his Fourth Amendment claim. Cardwell v. Taylor, 461 U.S. 571 (1983); Stone v. Powell, 428 U.S. 465 (1976); O'Brien v. Wainwright, 738 F.2d 1139 (11 Cir. 1984); Antone v. Strickland, 706 F.2d 1304 (11 Cir. 1983); Hance v. Zant, 696 F.2d 940 (11 Cir. 1983).

So long as the opportunity to litigate a Fourth Amendment claim is provided by the state, the Stone bar applies even if the defendant did not avail himself of that opportunity. Caver v. Alabama, 577 F.2d 1188 (5 Cir. 1978). Since the Florida courts would have entertained a motion to suppress the evidence seized from Kersey's residence on Fourth Amendment grounds had such a motion been filed, he cannot now receive federal relief for any alleged Fourth Amendment violation.

For the foregoing reasons, it is recommended that this petition for habeas corpus relief be denied.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated this 10th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   James Kersey, Pro Se
      DC #057065
      Hamilton Correctional Institution-Annex
      11419 SW County Rd. #249
      Jasper, FL 32052

      Don M. Rogers, AAG
      Office of the Attorney General
      1515 North Flagler Drive, #900
      West Palm Beach, FL 33401-3428