UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Pierce Division

Case Number:  07-14397-CIV-MARTINEZ-WHITE

JAMES KERSEY,

    Petitioner,

vs.

WALTER A. MCNEIL,

    Respondent.
_____/

### ORDER ADOPTING MAGISTRATE JUDGE WHITE'S REPORT, DENYING PETITION, AND CLOSING CASE

This matter was referred to the Honorable Patrick A. White for a Report on Petitioner's *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  Magistrate Judge White filed a Report (D.E. No. 17), recommending that Petitioner's petition for habeas corpus relief be denied.  Petitioner has filed objections to Magistrate Judge White's Report.  *See* (D.E. No. 18).  The Court has made a *de novo* review of the issues that the objections to the Report present and after careful consideration, the Court adopts Magistrate Judge White's Report.

In his petition for habeas corpus relief, Petitioner James Kersey challenges the constitutionality of his convictions of aggravated battery and other offenses in St. Lucie County Circuit Court.  First, in his petition, Petitioner specifically challenges the trial court's denial of his motion for rehearing after its denial of his second post-conviction motion.  This denial was based on the trial court's finding that Petitioner did not demonstrate how his newly discovered evidence, a letter from a neighbor that Petitioner's girlfriend did not live with Petitioner and thus did not have the authority to give consent for the search of Petitioner's home, would have

probably produced an acquittal on retrial. Second, Petitioner argues in his petition that he established a Fourth Amendment violation. Magistrate Judge White assessed these two issues under the restrictions set out in section 104(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d) and found that neither issue warranted relief. Petitioner's objections to Magistrate Judge White's Report repeat the arguments made in his petition and addressed in Magistrate Judge White's Report.

The crux of Petitioner's argument in his objections is that the trial court in his post-conviction proceedings incorrectly denied him relief on his Fourth Amendment claims and thus, he did not have a full and fair opportunity to litigate this claims. However, simply because the state court disagreed that Petitioner was entitled to relief based on his Fourth Amendment claims does not mean that Petitioner was not given a full and fair opportunity to litigate his claims. *See Mincey v. Head*, 206 F. 3d 1106, 1126 (11th Cir. 2000) (stating that "[f]or a claim to be fully and fairly considered by the state courts, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims."). Here, it is clear that Petitioner received a full and fair opportunity to litigate his Fourth Amendment claims.[1]

---

[1] In Petitioner's Second Motion to Supplement/Clarify (D.E. No. 20), he argues that he did not receive a full and fair opportunity to litigate his Fourth Amendment claims because counsel failed to file a motion to suppress. This is more appropriately viewed as a claim for ineffective assistance of counsel, *see Smith v. Klinger*, 162 F. 3d 1174 (10th Cir. 1998), a claim that was not raised in Petitioner's original petition filed in this case.

Therefore, it is hereby:

**ADJUDGED** that United States Magistrate Judge White's Report (D.E. No. 17) is **AFFIRMED** and **ADOPTED**.  Accordingly, it is:

**ADJUDGED** that

1. Petitioner's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DENIED**.

2. Petitioner's Motion to Supplement/Clarify (D.E. No. 19) and Petitioner's Second Motion to Supplement/Clarify (D.E. No. 20) are **GRANTED** in that the Court considered Petitioner's statements in these motions before entering this Order.

3. This Case is **CLOSED** and all pending motions are **DENIED** as **Moot**.

DONE AND ORDERED in Chambers at Miami, Florida, this 21 day of August, 2008.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge White
All Counsel of Record
James Kersey

---

The Court notes that even if it were to consider this new claim, Defendant has not made any allegations to meet the second part of the *Strickland* ineffective assistance of counsel test. Under the second part of this test, Petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).  The Court defines a "reasonable probability" as one "sufficient to undermine confidence in the outcome." *Id*.  "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." *Id*. at 693.  Here, Petitioner has not even made any allegations in his petition to meet this standard.